[Civ. No. 2980.  Second Appellate District, Division One.—May 24, 1920.]

## C. S. HUTCHISON, Respondent, v. JOHN P. HOLLAND, Appellant. ·

[1] PROMISSORY NOTES — ACTION TO RECOVER BALANCE FROM UNDIS-
CLOSED PRINCIPAL—UNSUPPORTED FINDING.—In this action to re-
cover a balance due on two promissory notes, the trial court was
not justified in finding from the evidence presented that the de-
fendant against whom judgment was rendered, but who did not
sign the notes, was the undisclosed principal of his codefendant,
who signed the note, but whom the court relieved from liability.

[2] EVIDENCE—RIGHT OF TRIAL COURT TO DISREGARD.—Where the testi-
mony of a defendant stands uncontradicted, and his statements do
not bear the imprint of inherent improbability, the trial court is
not authorized to disregard them.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Wm. D. Dehy, Judge. Reversed.

The facts are stated in the opinion of the court.

J. R. Whittemore and Floyd L. Anderson for Appellant.

Ben F. Gray and Geo. S. Hupp for Respondent.

JAMES, J.—Defendant Holland appeals from a judgment
entered against him. The action was brought to recover
a balance due on two promissory notes. The notes were
executed by defendant Marie C. Heath, and certain real
property was made security for the payment thereof, against
which a trust deed was executed. Appellant did not join
in the making of the promissory notes or the deed; in fact,
his name did not appear in the instruments referred to at
all. The notes, as before mentioned, were two in number;
one was made payable to Elizabeth E. Curtis and the second
to Helen C. Brennan. The two last-named persons indorsed
the same and they were transferred to Nina A. Hutchison,
who paid therefor $1,750. At the time the trust deed and
notes were executed there was a first mortgage lien against
the property, amounting to $3,000; hence the trust deed
became second in order of security. Default was made in

the payment of the notes, and upon sale of the property under the trust deed being had, a small part only of the principal debt evidenced by the notes was realized. Nina A. Hutchison transferred her interest to the plaintiff here and this suit was brought to collect the deficiency. It was alleged in the complaint, and the court found the facts accordingly, that Holland was the undisclosed principal of Marie C. Heath. While rendering judgment against Holland, the court found in favor of Marie C. Heath and determined that she was not liable for any part of the money claimed. It is the contention of appellant that where a promissory note is executed unqualifiedly it cannot be asserted that there exists any undisclosed principal against whom recovery may be had. Respondent has cited ample authority to show that appellant is correct only in his statement of the law where the notes considered are negotiable; that where the notes are not negotiable, an undisclosed principal may be held. [1] Admitting that the notes here exhibited are of the character which permits recovery against an undisclosed principal, it is the contention of appellant that under the evidence the court was not justified in finding that Holland held any relation of principal such as to make him liable to the plaintiff therefor. As the evidence discloses, Holland presented the trust deed and notes to the plaintiff, who was Nina A. Hutchison's agent, and recommended their purchase as a good investment; he stated to plaintiff that Marie C. Heath was the owner of the property; he also informed plaintiff of the existence of the $3,000 first mortgage lien; plaintiff and Nina A. Hutchison visited the property for the purpose of investigating the character of the security offered; after examining the property plaintiff closed the deal on behalf of his principal and paid to Holland $1,750, and received the promissory notes of Marie C. Heath, which were indorsed with the names of the payees. Throughout the transaction · up to this point it was not claimed by the plaintiff or his principal that Holland pretended to have any interest in the property or the notes. Plaintiff further testified that when interest installments became due and were unpaid, he demanded payment of Marie C. Heath and she referred him to Holland, and Holland in turn referred him back to Marie C. Heath, stating that she would take care of it. Holland testified that he had

no interest in the transaction other than that he received a commission. He stated that it was a fact that Marie C. Heath held the title to the property only for Curtis and Brennan, who were "eastern" ladies, and that he (Holland) was the agent of Curtis and Brennan; that upon sale of the promissory notes secured by the trust deed to Nina A. Hutchison, he (Holland) had, after deducting his commission, remitted the remainder of the money to Curtis and Brennan. [2] The testimony of Holland stands uncontradicted. It may have been that the court disbelieved his statements, but, as the record discloses them, the statements do not bear the imprint of inherent improbability; hence we must conclude that they amounted to substantial evidence and that the court was not authorized to disregard them. Accepting Holland's testimony at its face value, it did not establish that he occupied the position of an undisclosed principal toward Nina A. Hutchison, or this plaintiff. That Marie C. Heath is liable upon the note obligation, there can be no possible question. She made the notes, executed the trust deed, was in fact the record owner of the real property concerned, and was accepted by the Hutchisons in that relation. We are at a loss to understand why the court by its judgment relieved the maker of the notes from the duty to respond to the claim of the plaintiff.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 22, 1920, a majority of the Justices not having assented to the granting thereof.