[L. A. No. 8845. Department Two.—December 20, 1927.]

## OWEN MOORE, Appellant, v. ALFRED H. WHITWORTH et al., Respondents.

[1] Negligence—Personal Injuries—Collision of Automobile With Obstructions on Highway—Contributory Negligence.—The owners of land abutting on a public highway, who dedicated a strip thereof to widen the highway and construct a concrete curb and sidewalk on the dedicated strip, are not liable in damages to one who was injured while driving his automobile at night on the original highway over a culvert in the highway at right angles thereto, his automobile having been turned over by wooden railings approaching the culvert which projected into the highway and were left unguarded by any guide, barriers, or light at the end of a steep grade, it not being shown that the grading and improvement of the newly dedicated portion of the right of way caused the party to use the highway or handle his car in any other way than he would have done if such improvements had not

taken place; and even if an inference of negligence on the part of defendants could be drawn from the facts, plaintiff was guilty of contributory negligence and a nonsuit of his action was properly granted.

(1) 42 C. J., p. 848, n. 79, p. 859, n. 21.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Zach Lamar Cobb and Earl A. Littlejohns for Appellant.

Joe Crider, Jr., Clarence Runkle, Chandler, Wright & Ward, H. W. Kidd, W. O. Schell and Gerald F. H. Delamer for Respondents.

SHENK, J.—The defendants were the owners of certain real property abutting on Preuss Road, a public thoroughfare along the boundary line between the cities of Los Angeles and Beverly Hills. The defendant owners subdivided the acreage and dedicated for public street purposes a strip of land ten feet in width along the easterly side of the thoroughfare which had the effect of widening the same from sixty to seventy feet. On the strip so dedicated, through the medium of the defendant contractor, they constructed a concrete curbing and sidewalk. In the original right of way was a concrete culvert at right angles to the highway with abutments on either side twenty-nine feet apart and about twenty-one feet long. The plaintiff alleged that the defendants carelessly and negligently left this said culvert in the street with the wooden railings approaching the same projecting into the road at the end of a steep grade and failed and neglected to place any warning of the danger by means of guides, barriers, or lights; that they were cognizant of the dangerous condition of this section of the highway. While he was driving his automobile at night on Preuss Road, the plaintiff collided with one of these alleged obstructions in the highway and was seriously injured. The accident occurred while the plaintiff was passing another automobile on the central traveled portion of

the roadway. His own car struck the end of the railing and was overturned.

[1] The trial court granted a motion for a nonsuit, stating in ruling on the motion "that the defendants had not the slightest thing to do with either putting" the culvert where it was "or leaving it there." While the reasons stated by the court for granting the motion may not have been full justification for the ruling, we think the record itself furnishes sufficient reason for the granting of the motion. It was not shown that the grading and improvement of the newly dedicated portion of the right of way caused the plaintiff to use the highway or handle his car in any other way than he would have done if the grading and improvement had not taken place. Furthermore, assuming that a reasonable inference of negligence on the part of the defendants might have been drawn from the evidence, it is clear from the undisputed evidence that the plaintiff was guilty of contributory negligence as a matter of law. The paved portion of the highway was not disturbed by the defendants and was readily distinguishable from the unpaved portion. As the plaintiff approached the culvert and its abutments and railings he was traveling on the paved surface. His headlights were functioning properly and his view was not obstructed. Nor did the lights from the car approaching him obscure his view. He was traveling at a moderate rate of speed and no reason appears why in the exercise of ordinary care he could not have crossed the culvert without difficulty or injury to himself. Accepting as true the evidence on behalf of the plaintiff and according to the same every favorable inference and presumption, it is apparent that the action of the trial court was justified on the theory that on the evidence presented no negligence was brought home to the defendants as the proximate cause of the injury and that, in any event, the plaintiff was guilty of contributory negligence as a matter of law.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.