[Civ. No. 504. Fourth Appellate District.—November 24, 1931.]

ADA NICHOLSON, Appellant, v. J. M. PORTER et al., Respondents.

Bertrand J. Wellman for Appellant.

B. P. Gibbs for Respondents.

JENNINGS, J.—Plaintiff appeals from a judgment in favor of respondents. After appellant had presented the evidence upon which she based her claim for recovery and

had rested, respondents moved the court for a nonsuit. The motion was granted, judgment in favor of respondents was duly entered and the appeal therefrom was taken.

From the record the following facts appear: On April 7, 1928, respondents were copartners operating an automobile stage business under the fictitious name of Gate City Bus Company. Appellant was a passenger for hire on a bus operated by respondents on said date. At 9:30 in the evening of said day the bus on which appellant was traveling as a passenger was proceeding north on Mt. Vernon Street in the city of San Bernardino and was approaching the intersection of Mt. Vernon Street and Tenth Street in said city. As the bus approached the intersection of the two streets its speed was diminished preparatory to its coming to a complete stop for the purpose of permitting passengers to alight. As the bus was thus slowing down and moving at a speed of from five to six miles per hour it was struck in the rear by an automobile operated by one Floyd M. Sousa. As a result of the collision appellant received certain personal injuries. At the time the collision occurred it was dark. The bus was not equipped with a stop-light.

Appellant's sole contention is that the bus in which she was riding as a passenger was not equipped with a stop-light which would illuminate the word "Stop" and indicate to anyone approaching from the rear that the bus was about to come to a complete stop. The failure by respondents thus to have equipped the bus is said to constitute negligence in its maintenance entitling appellant to recover for her injuries. Section 2101 of the Civil Code is cited as imposing upon respondents a duty in this regard. The statute reads as follows: "A carrier of persons for reward is bound to provide vehicles safe and fit for the purposes to which they are put, and is not excused for default in this respect by any degree of care."

Unfortunately for appellant, the record herein shows that as a part of her case, under stipulation of counsel, a written statement of Floyd M. Sousa, the operator of the automobile which collided with respondents' bus, was admitted in evidence. In the statement thus introduced, the witness stated that he had been following the bus for about a block and a half; that he could see the bus by the lights of his automobile; that he looked around; that he did not

think the bus would stop at the intersection; that when he looked back he was, as he expressed it, "right onto the bus"; that he applied the brakes but was unable to stop his automobile before it collided with the bus. From this statement read into evidence, it conclusively appears that the efficient, proximate cause of the collision which resulted in appellant's injuries was the negligence of the operator of the automobile which was following the bus. Appellant has cited no statute which imposed upon respondents the duty to equip the bus with a stop-light. Section 130 of the California Vehicle Act (Stats. 1925, p. 412, sec. 15a) as it read at the time the collision occurred provides that the driver of any vehicle upon a public highway before stopping such vehicle shall first see that the movement can be safely made and, if the operation of any other vehicle may reasonably be affected by the movement, shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement. It is further provided in said section that the signal may be given in a specified manner by the use of the hand and arm or by means of a mechanical or electrical device which must first be approved by the division of motor vehicles. The record does not disclose that appellant made any showing that the driver of the bus failed to give a hand and arm signal of his intention to stop the bus or that such signal if given was not plainly visible to the driver of the automobile following the bus. In the absence of such showing and in support of the judgment herein, we are entitled to presume that the bus driver gave a proper hand and arm signal which was visible to the driver of the automobile which collided with the bus. ■ It is to be remembered that in California carriers of passengers for hire are not insurers of the absolute safety of passengers (*Champagne* v. *Hamburger & Sons,* 169 Cal. 683 [147 Pac. 954]). No useful purpose would be served in repeating the familiar rule applicable to the court's duty in entertaining a motion for a nonsuit. The state of the record herein indicates that the court's action in granting the motion was amply justified.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.