[Civ. No. 7032. Second Appellate District, Division Two.—March 4, 1932.]

PEARL DOGGETT, Appellant, v. LOREN LACEY, Respondent.

Russell and Heid for Appellant.

Ray W. Hays for Respondent.

THOMPSON (IRA F.), J.—The plaintiff prosecutes this appeal from a judgment rendered against her in an action for personal injuries resulting from an automobile accident. The material facts adduced by respondent and which in opposition to the claim of appellant he now asserts support the verdict of the jury, are as follows: The appellant was accompanying respondent and a Mrs. Shoemaker, on a weekend trip to California Hot Springs. Respondent was seated behind the steering-wheel on the left of his Chrysler coupe, Mrs. Shoemaker was in the middle and appellant on the right-hand side of the seat. Respondent had only one arm. They had driven over the floor of the valley from Hanford into the rolling land below the mountains and were traveling on a very good dirt road—almost as smooth as pavement —at the time the accident occurred. They topped a hill at a speed of a little less than 40 miles per hour and then gradually slowed down to make a gentle curve about 50 feet beyond the brow of the hill. They rounded the curve and about 25 feet after having turned it the car took a sudden turn to the left and respondent was unable to turn it back into its course. They struck a ditch and overturned. The testimony of respondent is to the effect also that he was unable to turn the steering-wheel after the accident. We have stated that respondent's testimony was in substance that he was driving at less than 40 miles an hour when he came to the top of the hill. It should perhaps be said that just before they came to its crest the speedometer reading was 45 miles, but the testimony also shows that this instrument was fast—that is to say—that when it indicated 47 the car was actually traveling 40. And it should be added that respondent's testimony is to the effect that the overturning was not due to his speed.

▮ Does this testimony support the verdict of the jury? We may assume that under the doctrine of *res ipsa loquitur* a presumption of negligence on the part of respondent arose. But the testimony is sufficient to warrant the jury in concluding one of two things—either that the steering

apparatus of the automobile stuck so that it could not possibly be turned, or that it stuck sufficiently that respondent, crippled as he was by the loss of one arm, could not turn it. In fact, this condition of affairs is indicated by the testimony of Mrs. Shoemaker who testified for appellant. She swore that she felt respondent's elbow against her as he attempted to pull the car back and "thought about trying to pull the steering wheel" herself and then thought she "had better not touch it". If the jury concluded in line with the first of the alternatives, the accident was one properly classified as unavoidable and for which the respondent was not answerable. (19 Cal. Jur. 15.)

If, however, they adopted the other theory, we have a situation involving an instruction given by the court and which appellant asserts was an incorrect statement of the law. It reads: "If you believe from the evidence that the accident was caused by the fact that Loren Lacey had only one arm, then I instruct you that the plaintiff in this case assumed any risk that was attendant upon riding with a one-arm driver and she cannot recover." It is contended by appellant that this instruction told the jury that respondent was absolved from that reasonable degree of care exacted from other persons. The instruction cannot, however, when read in connection with others given, receive such construction. The degree of care which respondent was called upon to exercise was carefully pointed out to them. The instruction complained of was without doubt pointed at the very possibility which we have suggested, to wit: That the jury might conclude that the steering-gear stuck to the degree that respondent could not, with his physical handicap, turn the wheel. As so understood there was no prejudicial error committed. Appellant was a guest in the automobile. From her own testimony she knew of the incapacity of the respondent. It is said in respondent's brief: "No one, however, would doubt that a plaintiff knowingly riding in an automobile driven by a blind man would be guilty of contributory negligence as a matter of law." The analogy is fairly drawn. The instruction did not absolve respondent from the duty of exercising reasonable care but it did say that if in an emergency, and yet while exercising that degree of care for which he was responsible, the respondent was unable, by reason of having only one

arm, to overcome the obstacle the plaintiff could not recover. By her acceptance of him as a driver she accepted the risk of such a contingency. Such is the effect of the decision in *Jones* v. *Pacific Gas & Elec. Co.*, 104 Cal. App. 47 [285 Pac. 709], wherein it was held that plaintiff was guilty of contributory negligence in riding with one who was intoxicated, where the state of insobriety occasioned an accident.

Judgment affirmed.

Craig, Acting P. J., and Fricke, J., *pro tem.*, concurred.