[Civ. No. 8017. Second Appellate District, Division One.—September 24, 1934.]

WILMA JAMES et al., Minors, etc., Appellants, v. WHITE TRUCK AND TRANSFER COMPANY (a Corporation) et al., Respondents.

E. R. Simon and O. E. Mark for Appellants.

Joe Crider, Henry L. Knoop and David D. Stuart for Respondents.

HAHN, J., *pro tem.*—Plaintiffs appeal from a judgment ordered by the court to be entered in favor of defendants, under the provisions of section 629 of the Code of Civil Procedure, after a verdict had been returned by the jury for $6,000 damages in favor of plaintiffs. The appeal is predicated upon the contention that there was sufficient evidence before the jury to support the court's refusal to grant defendants' motion for an instructed verdict, and that the court erred in ordering judgment for defendants after the jury returned its verdict in favor of plaintiffs.

It appears from the evidence that on the night of October 6, 1928, a large truck and trailer belonging to respondent

White Truck and Transfer Company, in charge of one Otto Harris, an employee of the transfer company, was traveling north on San Fernando Boulevard, loaded with nineteen tons of well pipe. Proceeding down a slight grade in the road, Harris removed his foot from the throttle, thus permitting the truck to move on its gathered momentum. When he reached the low point in the road, he "stepped on his gas" and discovered that his drive chain was not connecting the motor with the truck. Bringing his truck to a stop by the application of his brakes, the driver upon investigation found his drive chain lying on the road to the rear of his trailer. Realizing that he would require aid to remove his vehicles from the highway, the driver first endeavored to flag passing motorists in the hope of securing a ride to the nearest telephone in order to secure aid from the company garage. Failing to induce any passing driver to heed his signals, he started out on foot to find a telephone. When he left his truck, the truck and trailer stood about 12 feet westerly from the east curb of the highway, which at this point was about 70 feet wide. Both headlights on the truck were burning. On each side of the truck and trailer were two red lights and two green lights while at the rear of the trailer was a red tail-light. It is not disputed that these lights were all burning and in every way met the requirements of the California Vehicle Act. Shortly after the driver left in search of a telephone, William James, father of plaintiffs, while driving along San Fernando road with one C. J. Crawford in somewhat of a hurry to meet an engagement, crashed into the rear end of the stalled trailer, receiving injuries which resulted in his death.

This action was brought by plaintiffs as the surviving heirs of William James, to recover damages for his death which they allege was caused by the negligence of the defendants. Defendants' motion for a nonsuit was denied and upon the close of the case, their motion for an instructed verdict was also denied. At the time of the hearing of defendants' motion for a new trial, the court concluded and so declared that defendants' motion for an instructed verdict should have been granted, and thereupon ordered that the jury's verdict and judgment thereon in favor of plaintiffs be set aside, and judgment in favor of defendants be entered.

■ The only question here involved is whether or not defendants under the evidence were entitled to have the jury instructed to return a verdict in their favor. The rule with regard to instructed verdicts, so frequently declared in this state, is stated in the case of *Estate of Baldwin,* 162 Cal. 473 [123 Pac. 267], as follows: "A directed verdict is proper, unless there be substantial evidence tending to prove in favor of plaintiff all the controverted facts necessary to establish his case. In other words, a directed verdict is proper whenever, upon the whole evidence, the judge would be compelled to set a contrary verdict aside as unsupported by the evidence. To warrant a court in directing a verdict, it is not necessary that there should be an absence of conflict in the evidence, but, to deprive the court of the right to exercise this power, if there be a conflict, it must be a substantial one." (Citing cases.)

■ Appellants predicate their argument that the court erred in granting defendants' motion to enter judgment in their favor notwithstanding the jury's verdict, upon the contention that there is sufficient evidence to support a finding of negligence on the part of defendants in two respects: First, in the failure of the driver to back his truck and trailer from the place where they came to a stop, over to and near the curb before he left the vehicles remaining on the highway. Second, in the failure of the driver to have remained "on guard at the rear of the truck to warn approaching motorists that the truck was disabled and was standing stationary".

As to the first point, appellants assume that there was a sufficient grade in the road at the point where the truck and trailer came to a stop to have enabled the vehicles to have moved backward by force of gravity upon the driver releasing the brakes, and that when so in motion the driver in some way could have controlled the motion of truck and trailer so as to have stopped them close to and alongside the easterly curb of the highway, where it is argued the vehicles would have been outside the path of the car driven by deceased. One difficulty with this contention arises from the fact that it is based on an assumption, not justified by the evidence, that there was a sufficient grade in the highway to have caused the vehicles to start to move backward of their own weight, upon release of the brakes. But a more

complete answer lies in the undisputed testimony of the truck driver that with no power control on the truck, assuming that the vehicles would have moved backward upon releasing the brakes, there was no way to have controlled the movement of the trailer; that the trailer was just as likely to have veered out toward the middle of the highway as toward the curb. If the trailer with its load of pipe had moved athwart the middle of the highway, it cannot be disputed that the vehicles would have there constituted a greater menace to travel than in the position where they were left.

■    While it is true the weight to be given to the testimony of witnesses, is one for the jury to determine, the jury may not arbitrarily disregard the undisputed testimony of a witness "where there is no inherent improbability in the statement". (*Hutchison* v. *Holland,* 47 Cal. App. 710 [190 Pac. 1072]; *Hayward* v. *Rogers,* 62 Cal. 348.)

It is surely not too much to say that the testimony here under consideration is not only lacking in "inherent improbability", but even one of limited knowledge of such matters would find it difficult, if not wholly impossible upon any reasonable hypothesis, to justify the rejection of the driver's statement as to the control of the trailer, if the vehicles had been allowed to move backward under their own weight.

Furthermore, it may be fairly assumed that had there been any question as to the correctness of the testimony of the driver, it would have been an easy matter for the plaintiffs to have secured competent testimony that would at least have raised a conflict on this point.

Appellants state their second point in the following language: "If it were impossible, as a matter of fact, to back the truck and trailer to the easterly curb, then we submit that it was again the sole province of the jury to determine as a fact, whether or not, (under all the circumstances relative to the position of the truck on the highway, the traffic, and that it was at night time) the driver of the truck was justified in leaving the truck and trailer standing on the highway, where it had stopped, with only the lights burning, as was testified to, or whether or not it was necessary, under the circumstances, for the driver of the truck to take further precautions and remain on guard at the rear of the truck to warn approaching motorists that the truck was disabled, and was standing stationary. Motorists approaching from

the south, upon observing the truck and trailer in the position it was then occupying in the middle of the east half of the highway, had a right to assume that the truck was in motion. But, if approaching motorists had observed a man standing at the rear of this truck and trailer, this would have been notice to them that the truck was not in motion, but was standing still. At least, this was a question of fact for the determination of the jury.''

■ Conceding, as argued by appellants that, ''compliance with a statute by a defendant charged with negligence does not under all the circumstances prove that there was no negligence'', this fact does not relieve the court from determining as a matter of law whether or not there is sufficient evidence to support a finding of negligence in the event that the jury's verdict is for the plaintiff. In this case, there being no dispute as to the fact, the court was required, upon the defendants' motion, to decide whether or not a reasonable mind might conclude that the driver acted as a prudent person would have done in going for help instead of remaining all night at the rear of the trailer, endeavoring to warn approaching motorists of the danger of the stalled vehicles.

■ The provisions of the California Vehicle Act concerning lights and particularly the red tail-light were fully complied with. A red light is universally recognized in the statutes and by common usage as the most effective method of giving warning of danger during the hours of darkness. It is indeed the only method in common use to give warning at night of excavations in the roadway, of piles of dirt, building materials, road machinery, road barricades, and other objects or conditions on the highway that constitute a menace to travelers. There was no fog at the time and place of the collision, nor does the record disclose any other condition or circumstance existing just prior to the collision, that would characterize the situation as differing in any way from the usual situation of a stalled vehicle, or any other large obstruction on the highway. Unless there exists some particular condition or circumstance that would suggest to an ordinarily prudent person that the red light warning specified by law and universally regarded as entirely adequate to advise those prudently using the highway that danger lurks ahead, was or would be ineffective, it would

seem to do violence to reason to say that a prudent man would not feel that he had fully performed the duty he owes to the traveling public when he leaves his disabled vehicles on the highway, lighted as the undisputed evidence shows the truck and trailer were.

It does not appear that there were any street lights, or lights other than those on the truck and trailer in the vicinity of the vehicles. With this condition of darkness, there would seem to be no merit in the contention of appellants that an oncoming motorist who failed to see the red lights on the truck would have seen a man at the rear of the trailer waving his arms. Appellants suggest that a motorist observing a red light ahead would assume or believe that it was attached to a moving vehicle, and therefore entitled to some other warning of a stationary object. We cannot give assent to this contention, nor approval to the doctrine involved in the suggestion. Whether the red light is on a swift or slow-moving vehicle, or on a stationary obstruction, from the time it is first observed, it conveys the information of danger and the observer is bound to heed its warning.

We do not discuss the question of the contributory negligence on the part of the deceased, for the reason that upon the considerations discussed, we have concluded that the judgment of the trial court must be sustained. It is so ordered. Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.