[Civ. No. 1359.   Fourth Appellate District.—March 7, 1935.]

PORTIA LOCKIE, Appellant, v. C. W. PENCE, Respondent.

James M. Thuesen and L. B. Fowler for Appellant.

Ray W. Hays for Respondent.

BARNARD, P. J.—Early in the morning of January 29, 1933, the defendant, with an employee, was proceeding north on the Golden State highway in a truck loaded with four tons of oranges.  Shortly before 2 o'clock and when they were about 200 yards north of the northerly limits of the city of Selma, the rear axle on the truck broke, the rear end dropped to the pavement and the truck suddenly stopped

with its left wheels from two to four feet east or to the right of the white line in the center of the highway. The highway at that point consisted of a pavement twenty feet in width, with shoulders twenty-four feet wide on either side. The defendant left the truck in charge of his employee while he went to a telephone and called a mechanic. It was raining at the time and, after observing that the tail-light on the truck was burning, the employee got into the cab of the truck. A few minutes later, a car in which the plaintiff was riding and which was driven by her husband approached from the south and crashed into the rear end of the stalled truck with resulting injuries to her. In this action which followed a jury returned a verdict in favor of the plaintiff, after which the court granted the defendant's motion for a judgment notwithstanding the verdict. From the judgment then entered this appeal is taken.

The appellant contends that the respondent was guilty of negligence in that he illegally parked the truck on the highway and in that the tail-light thereon was not burning. The evidence shows without conflict that the truck suddenly broke down in a manner making it impossible for the respondent to move the same, and this fact brings the case squarely within the exception provided in section 136 of the California Vehicle Act. The respondent left a man in the truck while he went to phone for aid and a mechanic arrived within five minutes. The first specification of negligence is entirely unsupported by the evidence.

With reference to whether the tail-light on the truck was burning, the only evidence pointed out by the appellant is that her husband testified that he did not see any light on the rear of the truck before the collision. He testified that it was raining; that his windshield wiper was working; that he was traveling between thirty and thirty-five miles an hour; that he saw no light on the truck; that he was somewhat blinded by the lights of an approaching automobile which he said was from 300 to 400 yards north of the truck at the time of the collision; and that he did not see the stalled truck until he was within ten or fifteen or possibly twenty feet from it. On examining the transcript we find that he also testified that after the collision there was no tail-light on the truck, although on cross-examination he qualified this by stating that he stood on his side of his car

and that if a tail-light was burning on the truck he did not see it. On the other hand, two witnesses testified that the tail-light was burning at the time the respondent left to go in search of help. The mechanic testified that he responded to the telephone call; that when he came to the scene of the accident the tail-light was burning; that he then went away to get a new axle; that when he returned the other car was jammed into the rear of the truck; that the force of this impact had bent the tail-light on the truck around and under, but that it was still burning; and that it continued to burn until he put it out in making certain repairs. A traffic officer testified that the tail-light on the truck was still burning after the collision. Aside from its unsatisfactory nature, the evidence offered by the appellant to the effect that the tail-light was not burning, taken in the light most favorable to the appellant, relates only to a time after the accident occurred. The evidence shows, without conflict, that the tail-light was burning at the time the respondent went for help and that it was still burning some time later when the mechanic first arrived. There is no evidence in the record to establish, by inference or otherwise, any negligence on the part of the respondent.

Most of appellant's arguments are directed to the claim that contributory negligence on the part of her husband does not appear as a matter of law, and that this question was one of fact for the jury. ▇ While we are of the opinion that the evidence, in its entirety, discloses contributory negligence on the part of the appellant's husband it is unnecessary to further quote or analyze the same since, in any event, there was no showing of negligence on the part of the respondent.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1935.