[Civ. No. 13222. Second Dist., Div. Two. Nov. 26, 1941.]

EDITH RENZETTI, Appellant, v. LOS ANGELES MOTOR COACH COMPANY (an Unincorporated Association) et al., Respondents.

Henry Haves for Appellant.

Frank Karr, C. W. Cornell and O. O. Collins for Respondents.

WOOD (W. J.), J.—Plaintiff commenced this action to recover damages for injuries which she suffered in attempting to board defendants' bus. The action was tried before

the court sitting without a jury, resulting in a judgment for defendants, from which plaintiff appeals.

Defendants' motor bus was being operated on September 4, 1939, along Hollywood Boulevard in Los Angeles. It stopped at the corner of Cahuenga Boulevard for the purpose of discharging and receiving passengers. The bus was brought to a complete stop, the driver keeping pressure upon the brake to prevent the bus from rolling. The driver then opened the entrance door. Plaintiff stepped from the curb to the bus and as she placed a foot on the first step to enter, the bus suddenly gave a "jerk" causing plaintiff to fall from the bus. The "jerk" was caused by the impact of an automobile driven by one Ray Douglas upon the rear end of the bus. The automobile had almost come to a stop when, after the bus had stopped, Douglas' foot slipped from the brake and onto the accelerator, causing his automobile to strike against the bus and to move it forward "a couple of feet."

██ Both parties concede that under the doctrine of *res ipsa loquitur* proof on the part of plaintiff of the happening of the accident and the surrounding circumstances raised the inference of negligence on the part of defendants. The evidence which gave rise to the inference did not, however, shift the burden of proof from plaintiff to defendants. It became necessary for defendants to present evidence only to rebut the effect of the inference. ██ It was the function of the trial court to weigh all the evidence and to determine therefrom whether the inference of negligence had been rebutted and whether plaintiff had sustained the burden of proving the negligence of defendants by a preponderance of all the evidence. It was also the function of the trial court to determine the question of the proximate cause of plaintiff's injuries. (*Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97, 101 [29 Pac. (2d) 781]; *Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584]; *Raymer* v. *Vandenbergh*, 10 Cal. App. (2d) 193 [51 Pac. (2d) 104]; *Allbritton* v. *Interstate Transit Lines*, 31 Cal. App. (2d) 149 [87 Pac. (2d) 704].) ██ The trial court found that defendants were not negligent but at all times exercised the highest degree of care toward plaintiff; and that the sole proximate cause of the movement of the bus resulting in plaintiff's injuries was "the act of said automobile, so driven by said Ray Douglas, colliding with

the rear end of said motor coach.'' These findings are amply sustained by the evidence.

Plaintiff points to the absence of evidence on the part of defendants that the driver of the bus gave arm signals before stopping and also to the absence of evidence affirmatively showing that the door of the bus was in good condition. In the absence of a showing to the contrary it is to be presumed that the bus driver gave proper arm signals. (*Nicholson* v. *Porter*, 118 Cal. App. 555 [5 Pac. (2d) 659].)

There was no obligation on the part of defendants to affirmatively prove that the door or any other part of the bus was free from defect. They discharged their obligation when they rebutted the inference of negligence which arose from plaintiff's proof of the circumstances of the accident.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.