[Civ. No. 14135. Second Dist., Div. Three. Apr. 5, 1944.]

RAY ROBERT DOANE, Appellant, v. GORDON H. SMITH et al., Defendants; NORTHERN TRANSPORTATION CO. (a Corporation) et al., Respondents.

Steiner A. Larsen, Joseph Shane and Jean Wunderlich for Appellant.

Eugene S. Ives and Schell & Delamer for Respondents.

SHINN, J.—After a verdict in favor of plaintiff against Northern Transportation Company and Andrew C. Mumler, Jr., for $32,250 for injuries sustained when plaintiff's automobile, driven by him, ran into the rear of a trailer attached to a truck belonging to the company and operated by Mumler, the court denied defendants' motions for a directed verdict and for judgment notwithstanding the verdict, but upon

defendants' motion for new trial ordered judgment notwithstanding the verdict in favor of the defendants, under the provisions of section 639 of the Code of Civil Procedure. Plaintiff appeals. Our sole question is to determine whether the judgment originally entered upon the verdict was sustained by the evidence, and in this determination we must weigh the evidence and all reasonable inferences deducible therefrom in the light most favorable to plaintiff.

The collision occurred on the highway leading north across the desert from Mojave about 5½ miles from Mojave and around 10 o'clock at night. Defendant Mumler was driving a Diesel truck and trailer; he had installed a new oil pump at Mojave and when he observed that the oil gauge was not showing any pressure he shut off the motor and coasted to a stop. He then started the motor again to observe the gauge, after which he stepped onto the running board, when plaintiff's car struck the rear end of the trailer. The automobile caught fire, it was necessary to move the truck and trailer forward in order to shovel sand on the motor, and in order to do this the truck motor was started and the truck driven ahead some 10 feet. Later it was driven about 20 feet farther and again parked. The highway for a mile or two to the south of the collision is straight and level.

The appeal presents the questions whether there was evidence which justified the implied findings that defendants were negligent, that their negligence was a proximate cause of the accident, and that plaintiff was not guilty of contributory negligence.

Section 582 of the Vehicle Code reads as follows: "Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway." The driver of the truck testified that when he stopped the truck he pulled off the highway until the left wheels and left side of the truck were on the paved and generally used portion of the highway and the remainder of the truck was on a shoulder of the highway to the east. A highway patrol officer who arrived shortly after the accident took certain measurements to which we shall refer. The paved highway at the point where the truck was

last stopped was 12⅔ feet wide between the center line and the east edge. The sedan was pointed northwesterly and the left front corner was 5 feet west of the east edge of the pavement. The left rear wheel of the trailer, when it was standing some 10 feet north of the sedan, was 8 feet east of the center line of the highway.

Enough has been stated to show that the truck and trailer were standing partly upon the paved or improved or main traveled portion of the highway. This was a violation of law, if it was practicable to have parked the vehicles off that part or portion of the highway. There was testimony by the highway patrol officer, who arrived shortly after the accident, that the condition of the highway was such at the point of impact that the truck could have been driven farther to the east so that it would have been entirely off the highway and that generally the outside shoulder was perfectly good for vehicular travel for a width of 9 feet easterly of the paved portion. At points near to and both north and south of the point of the accident the shoulder was from 16 to 20 feet wide. Between Mojave and the scene of the accident, at points where the shoulder was soft, there were signs marked "Soft Shoulder" and the truck driver testified that he had observed such signs. He also testified that he did not drive farther off the paved highway because he feared the shoulder would be soft. However, according to his testimony, he did drive in the neighborhood of 6 feet off the pavement and it appears that he could have gone farther with safety. Defendants contend that if the driver believed that it was impracticable to drive farther off the pavement and if he was reasonably justified in so doing, he cannot be held guilty of violating the law in leaving the truck where he did. We do not agree that this is a proper construction of the Vehicle Code section, but if we assume that it is, the question would still remain whether reasonable grounds existed for the belief that it was impracticable to take the truck farther off the highway. There was evidence that it would have been entirely safe to do so and this would have justified a finding that it was also a practicable thing to do. Furthermore, with slight additional effort the truck could have been taken to a nearby point where the solid shoulder was much wider. The jury's implied finding of negligence on the part of defendants was not unsupported by the evidence.

The next question is whether, disregarding the ques-

tion of contributory negligence, the evidence warranted a finding that defendant's negligence was a proximate cause of the accident. The sedan left skid marks 63 feet long, made by both the right and left tires. The mark made by the left-hand tires at the southerly end of the skid mark was 9 feet east of the center line. The marks extended up to the point of impact but over the entire distance drew to within about 8 feet of the center line. Plaintiff was unable to testify how far east of the center line the truck was at the time of the collision, but did testify that it was partially obstructing the paved highway. As already mentioned, there was testimony that in the vicinity of the point of the accident the easterly edge of the pavement was 12⅔ feet from the center line of the highway. It was stipulated that the sedan was 5 feet 5 inches wide. Starting with the fact that the left front wheel of the sedan at the time of the collision was 8 feet east of the center line, and making allowance for the fact that the entire width of the car was greater than the tread of the wheels, a simple computation shows that the sedan was traveling with its right side practically even with the right-hand edge of the pavement. Respondents in their brief say the trailer was not extending more than 2 feet onto the pavement, which we think is not an unwarranted deduction from the facts in evidence, although they do not furnish a basis for exact calculation. Respondents further say, "An average car driving in the center of the right-hand half of the main traveled portion of the highway would have just about cleared the truck and trailer without changing its course at all." We think the evidence justifies this statement, but on the issue of proximate cause one of the questions is whether the evidence was such as to warrant a finding that the collision would not have occurred if the truck and trailer had been entirely off the highway. Obviously if plaintiff had been driving along the shoulder where a legally parked vehicle would have obstructed his progress, we would have an entirely different case, not only from the standpoint of defendant's conduct but that of plaintiff as well. The evidence was clearly such as to warrant a finding that the collision would not have occurred if the truck and trailer had not extended over a part of the paved highway. True, the fact is not demonstrable and involves the consideration of distances measured by inches, but the fact was one that had to be determined

one way or the other. In these situations a few inches may determine a question of proximate cause, and they may also mean the difference between catastrophe and escape, or even life and death. Therefore the conclusion, based on a preponderance of probabilities, that the collision would not have occurred if the truck and trailer had been entirely off the pavement (not taking into consideration the question of contributory negligence) would be sufficient to support a finding in favor of plaintiff on the issue of proximate cause.

The next question is whether the evidence showed plaintiff to have been guilty of contributory negligence as a matter of law. Plaintiff testified that his speed was about 40 to 45 miles per hour, and there was no testimony that it was greater. His lights were on low beam. He testified that he saw a light ahead of him when he was some 400 or 500 feet from the point of collision and that when he was 100 or 150 feet away he saw the vehicle and realized that it was stopped. In his deposition he had estimated the latter distance at from 150 to 200 feet and more than once he stated that his estimates were guesses. Plaintiff admitted having drunk two bottles of beer with his dinner before leaving Los Angeles and one bottle with some sandwiches at Mojave, which is approximately 100 miles from Los Angeles. There was evidence that he was not under the influence of liquor either in Mojave or after the accident, and no evidence from which a jury would have been required to find that he was intoxicated. Plaintiff, as we have seen, was driving along the right-hand edge of the pavement, as he should have been. (Veh. Code, § 525.) His speed of 40 or 45 miles per hour was not a negligent one as a matter of law. His testimony as to where he was when he realized that there was a large vehicle parked ahead of him was to be considered in connection with the undisputed evidence that the brakes of his car were locked when he was 63 feet away and that the efforts he made to stop the car became effective at that point. As between plaintiff's contradictory estimates of the distance from which he saw the truck standing still, the jury had a right to accept his minimum estimate of 100 feet or thereabouts and would have been required to determine whether he was negligent in not observing sooner than he did that the truck and trailer were stationary and were partially obstructing the paved roadway. It is not an easy matter to determine at night

whether a vehicle seen ahead on the highway is standing still or moving, even though it be well lighted. It cannot be said as a matter of law that there is some definite distance from a parked vehicle at which an approaching driver must realize that the vehicle is standing still, in order to be free from negligence. No more can it be said upon the facts of this case that plaintiff was negligent as a matter of law in failing to realize that the truck was standing still until he was within about 100 feet of it. It must be remembered that automobile drivers have the right to anticipate that standing vehicles ahead of them will be parked off the highway, if it is practicable to so park them, and the right to act upon that assumption until there are reasonable grounds for believing that there is some vehicle ahead that is not so parked. Plaintiff had driven over the road before, both in the daytime and nighttime and it could have been inferred that he knew there was a wide shoulder on the east side of the highway. It cannot be doubted that had plaintiff chosen to turn to the left instead of endeavoring to stop his car he could easily have avoided the collision, and respondents rely upon his failure to do so as conclusive evidence of his negligence. Certainly his failure to alter his course instead of trying to stop, and his apparent belief that he could stop his car in time to avoid a collision, might have been found to amount to negligent conduct. But these questions called for answers under the general principles of negligence and involved the determination whether plaintiff's conduct showed a want of ordinary care. We are satisfied that there was room for reasonable differences of opinion with respect to each of the phases of plaintiff's conduct which had relation to the question of his negligence.

In support of their argument that plaintiff was guilty of negligence as a matter of law defendants have cited the following cases: *Edlund* v. *Los Angeles Ry. Co.* (1936), 14 Cal. App.2d 673 [58 P.2d 928]; *Lockie* v. *Pence* (1935), 5 Cal. App.2d 172 [42 P.2d 340]; *Christy* v. *Herbert M. Baruch Corp.* (1933), 135 Cal.App. 355 [27 P.2d 660]; *Nicholson* v. *Porter* (1931), 118 Cal.App. 555 [5 P.2d 659]; *Moore* v. *Whitworth* (1927), 202 Cal. 711 [262 P. 715]; *McMillan* v. *Thompson* (1943), 140 Cal.App. 437 [35 P.2d 419]; and *James* v. *White Truck etc. Co.* (1934), 1 Cal.App.2d 37 [36 P.2d 401]. A careful study of these cases has brought to light no basis for upholding the judgment herein upon the

theory that plaintiff was guilty of contributory negligence as a matter of law. The case which furnishes the nearest approach on the facts is *Lockie* v. *Pence, supra.* The truck there was disabled and under section 136 of the California Vehicle Act (now section 584 of the Vehicle Code) was not wrongfully left on the highway and the driver was not guilty of negligence. It is true that the court said that plaintiff's husband unquestionably had been guilty of contributory negligence but it was also said that it was unnecessary to quote or analyze the evidence further than had been done, and it had been pointed out that the evidence showed without conflict that there was a tail light burning on the truck and that plaintiff's husband had testified that he did not see the stalled truck until he was within 10 or 15 or possibly 20 feet from it. Even these meager facts clearly distinguish the case from our own. A discussion of the other cited cases would extend this opinion to no good purpose.

We might discuss the evidence in the case in greater detail, but it would add nothing to the controlling features of the case as we have stated them. The case presented only factual questions upon the vital issues. It clearly appeared that the act of stopping the truck and trailer on the highway was, under the circumstances, a violation of law. The questions of proximate cause and contributory negligence were close questions which a court or jury could reasonably decide either way. Defendants present a forceful argument on the latter issue and it may be that if we were trying the facts we would agree with their contention. But the case upon this issue is not one of law. █ We are satisfied that the implied findings of the jury upon the material issues in the case were supported by the evidence. It was therefore not a proper case for a judgment notwithstanding the verdict.

The appeal from the order for judgment notwithstanding the verdict and from an order denying plaintiff's motion to amend the judgment, which latter order is not mentioned in the briefs, are dismissed. The judgment is reversed and the court directed to enter judgment on the verdict.

Desmond, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 4, 1944, and respondents' petition for a hearing by the Supreme Court was denied June 1, 1944. Gibson, C. J., and Schauer, J., voted for a hearing.