[Civ. No. 194. Fourth Appellate District.—December 20, 1930.]

MARION WILSON, Respondent, v. E. DROEGE, Appellant.

Swing & Wilson for Appellant.

Chas. Bagg for Respondent.

WARMER, J., *pro tem.*—This case was tried without a jury. The court made its findings and entered a judgment against plaintiff and defendant appeals from the judgment so entered. The plaintiff charges negligence of an employee or agent of the defendant in the operation of a motor-truck. The answer denies the allegations of the complaint and sets up contributory negligence as a defense. The court finds as follows: "That, heretofore and within a period of one year next before filing of the complaint in this action, to-wit: On or about the 23d day of January, A. D. 1929, the plaintiff herein was, in the county of San Bernardino, state of California, run into and struck by an automobile truck belonging to the defendant, E. Droege,

then and there in charge of and being driven and operated by one of defendant's employees, agents or servants in and about defendant's business and in the regular course of the employment of said employee, agent or servant of the said defendant, and with the knowledge and consent of the said defendant and under his direction; that, at the time the plaintiff was so run into and struck by said automobile truck of the defendant, as aforesaid, the said employee, agent or servant of the said defendant was guilty of negligence in the driving and operation of said automobile truck and, but for which said negligence, said plaintiff would not have been so run into and struck by said automobile truck of the defendant; that, as a direct and proximate result of the negligence and carelessness on the part of the said employee, agent or servant of the said defendant, and the running into and striking of the plaintiff, the plaintiff was knocked down and against and across the bumper of her automobile and to the pavement and, by reason thereof, plaintiff was bruised and injured in and about her abdomen, her leg broken at the knee, her spine and back wrenched, and her vertebra dislocated; that, by reason thereof, plaintiff was greatly and permanently injured; and suffered great physical and mental pain and anguish.''

The facts out of which the cause of action arose, briefly stated, are as follows: On January 23, 1929, plaintiff was driving from the city of Riverside to her home on South Cedar Avenue, town of Bloomington, and as she proceeded along said avenue in a northerly direction she discovered that something was wrong with her automobile so that it became more difficult to control or steer. As she passed the intersection of said Cedar Avenue and Santa Ana Street she drove her car off the paved portion of the highway to a position where the two right wheels of her automobile were about one foot and a half off the pavement, got out of the said car, went around in front thereof and stooped down and found that a piece of wire was lodged between the brake lining and the brake drum on the left front wheel. The wheels of said automobile were what is known as disk wheels and she removed the wire so lodged as aforesaid by pulling the same back and forth. Just as she released it and while she was standing on the

paved portion of the highway and immediately in front of her automobile and slightly farther out on the paved portion of the highway than her machine she heard the blast of a horn and raised up and just as she was getting up a truck struck her on the shoulder, causing her to spin around and throwing her against the bumper on the front of her automobile, thence on her knees to the ground. She observed that the driver of the truck wore sun glasses, that the cab of the truck was painted red and the tank on the truck was painted a turquoise blue, that there was the name "Marine" on the rear end of the tank on the truck and that said tank was oval in shape. She observed the state license plate number under the rear parking light on said truck, that the number was either 239922 or 239920, that she was certain of each of the numbers on the license plate excepting the last one and she was not certain whether said number was "0" or "2", but was certain that it was either "0" or "2", that the registration records show that the defendant was the owner of three trucks, two of them being similar in type, one bearing the state license No. 239920 and the other 239922 and the third of a somewhat different and lighter type bearing the license number 239921. The truck did not stop at the time plaintiff was struck and there is nothing in the evidence to show that the driver of said truck knew of any collision. The truck was equipped with a shelf along the side of the tank. On said shelf there was either one or two cans. Another witness testified that a short distance from the place where he saw the automobile of plaintiff standing partially off of the pavement, near the intersection of Cedar Avenue and Santa Ana Street, he had observed a truck painted similarly to the one described by the plaintiff, proceeding in a northerly direction on said Cedar Avenue. The defendant had a loading depot at West Riverside and distributed oil products in and around Bloomington, Colton and San Bernardino. Said trucks were brought to San Bernardino for storage each night. The defendant herein knew nothing concerning the claim of plaintiffs until several months after said January 23d. The defendant, in the course of his business, kept a daily report of his trucks and said reports show that the drivers of said trucks had no business of defendant in or about

the vicinity of Bloomington or on Cedar Avenue on said twenty-third day of January, or within two days thereof.

Appellant urges that there is no evidence to sustain the findings that said truck was being operated at the time of the collision by an employee of the defendant, or in other words that doctrine of *respondeat superior* does not here obtain. Before such doctrine obtains two facts are necessary of proof, first, the existence of the relationship of master and servant and, second, that the servant was acting within the general scope of his employment. (*Kish* v. *California State Automobile Assn.,* 190 Cal. 246 [212 Pac. 27].) When the pleadings put in issue the fact as to whether or not the truck was being operated by an employee the burden of proof is on the plaintiff to establish such fact at the time of the alleged negligence. (*King* v. *Emerson, ante,* p. 414 [294 Pac. 768].)

Assuming that one of the trucks belonging to the appellant was the truck involved in the accident, which one of the two trucks, the one bearing license number 239922 or 239920, cannot be determined unless the fact that the person who was driving the truck at the time of the accident wore sun glasses, coupled with the fact that occasionally the driver of truck bearing state license number 239922 wore sun glasses can be said to determine that fact, or in other words, constitute substantial evidence to support the finding. The wearing of sun glasses by one driving a truck is very common. In fact sun glasses are occasionally worn by almost everyone who has occasion to be riding in or operating an automobile. If, instead of sun glasses, the evidence had been that the driver wore a white shirt or khaki breeches or a cap or brown shoes or puttees and that the defendant, appellant, had a driver who occasionally wore a white shirt or khaki trousers or brown shoes or a cap or puttees, can it be said that there is anything about the above facts so distinctive or unusual as to support the conclusion that because the driver was dressed in such a manner one could reasonably say that the driver who occasionally so dressed was the driver of the truck involved in the accident? We think not. Such a conclusion would be a conjecture and would not meet the requirement that evidence must be substantial to support a finding, nor can the mere fact that the driver of a

truck which is involved in an accident wore sun glasses so mark him that it can be said that such fact, coupled with the fact that the driver of truck number 239922 occasionally wore sun glasses, would constitute sufficient or substantial evidence to support the finding that such driver was the employee of the owner of the truck. It merely points the way to the possibility that such a fact might be true. Without such a fact established the evidence is insufficient to support the finding that the truck was being driven at the time of the accident by an employee of the defendant. Without sufficient proof of the fact that the driver of the truck was an employee of the defendant no inference can arise that the truck was being operated in the business of the defendant. The evidence being insufficient to support the finding that the truck that was involved in the accident was being driven by an employee of the defendant, it is insufficient to support the finding that the truck was being operated by an employee of the defendant in and about the defendant's business in the regular course of his employment.

Appellant further urges that the evidence is insufficient to sustain the finding that the truck was being operated by an agent of the defendant within the scope of his authority. This contention must be sustained unless the fact that the truck was owned by the defendant and was being operated upon a public highway raises an inference that the operator so operating the truck is an agent of the owner and acting within the scope of his authority (Cal. Jur. Permanent Supp. 1928, p. 284). In other words they contend the ownership of the truck being proved and its operation upon a public highway appearing, such facts raise first, an inference of agency and second, an inference that said agent was acting within the scope of his authority. The evidence shows that the truck involved in the accident was a truck owned by the defendant and was being operated by someone, which gives rise to an inference that the owner permitted the operator to use said motor vehicle. To hold otherwise would be to presume that it was reasonably likely that the driver was then and there guilty of criminal conduct or to infer that the operator was actually engaged in the commission of a crime. Therefore under such circumstances the law creates

an inference that the owner permitted the driver to use said motor vehicle. Such being true, does the inference, that the owner permitted the driver to use said motor vehicle, thus drawn, also give rise to an inference that the operator was an agent of the owner? It seems to us that to hold that an inference of agency thus arises by implication of law would be to give rise to a broader inference than is created to sustain a finding under the doctrine of *respondeat superior*, and we perceive of no reason either in law or logic so to do. Further that such an inference would be useless and of no avail to the plaintiff unless such inference under such circumstances gave rise to another and independent inference that the agent was acting within the scope of his authority. To so hold would permit of an inference founded upon another inference or deduction instead of upon proven facts. To do so would be merely conjecture or speculation. Hence the inference that arises from the ownership of a motor vehicle and its operation upon a public highway is one of permissive use rather than one looking to agency and in the absence of other proof that the person operating said motor vehicle was an agent of the owner, it would not support a finding to that effect. To hold otherwise would be to say to the plaintiff ''prove an act of negligence and the ownership of a machine and its operation upon a public highway and you have established a *prima facie* case'', which would in effect be the creating of an inference by deduction from an inference. Therefore we are of the opinion that no inference arises from the proof or admission of the ownership of the vehicle alone and its operation upon a public highway, that the machine was being operated by an agent of the owner within the scope of his authority. The evidence is therefore insufficient to support the finding that the truck was being operated by an agent of the defendant and in the defendant's business.

Nothing herein expressed is in conflict with the line of cases as *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417], holding that where a wife is driving a car owned by her husband with the express knowledge and consent of the husband, an inference arises that she was using the car as the agent of the husband, or that line of cases holding that when the ownership of the motor vehicle

is admitted or proved and it is admitted or proved that the operator thereof was an agent or servant of the owner the inference arises that said agent or servant was operating said motor vehicle within the scope of his authority. (*King* v. *Emerson, supra.*) In each and all of said cases the identity of the operator of the automobile was established to sustain the finding that the operator was the agent or servant of the owner, while in the instant case the identity of the driver of the truck at the time of the accident is undisclosed. ■ No inference of agency is created by the facts that the defendant owned the offending vehicle and that he permitted the driver to use it. (*Aubel* v. *Sosso,* 72 Cal. App. 57, 62 [236 Pac. 319].) Where, however, it is admitted or established that the vehicle which collided with the plaintiff was owned by the defendant and that the driver was his employee, an inference arises that the driver was acting within the scope of his authority or employment (*Wagnitz* v. *Scharetg,* 89 Cal. App. 511 [265 Pac. 318]; Cal. Jur. Permanent Supp. 1928, p. 284, *supra,* and cases there cited).

■ It is next urged that the plaintiff was guilty of contributory negligence as a matter of law because she parked her machine partially on the highway in contravention of statute. Inasmuch as this cause, from what we have heretofore said, must be reversed, we deem it sufficient to say that the statute prescribes where a person shall stop his machine and when it is permissible to stop the same upon the highway. The evidence is not very clear as to what the condition of the shoulder along the highway was at the date of the accident. It does appear that at the place where the plaintiff actually stopped her machine she could not have driven the same completely off of the highway, but it does not appear that it was impossible for her to have proceeded in safety a little farther to a place where it might have been possible for her to have driven her machine entirely off of the highway. Neither does it appear that it would have been impossible for her to have driven her machine completely off of the highway had she proceeded farther.

The California Vehicle Act (Stats. 1923, p. 561), section 136, provides in part as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or im-

proved or main traveled portions of any public highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any public highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon. . . .

"The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a public highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

It appears from the quoted portions of said act that no person shall leave any vehicle standing on a public highway, unless there is a clearance of fifteen feet on said public highway, unless the condition of the machine is such as to make it impossible to proceed. It appears from the evidence that at the place where the plaintiff drove partially off of the highway it was impossible for her to get farther off of the highway, but it may have been that in the condition in which her machine then was, it would have been possible for her to proceed in safety a short distance and come to a place where she could have driven her machine entirely off of the highway. If such was the case the statute imposed upon her the duty of so doing unless the condition of her machine was such as to make it imperative for her to stop at the narrow place in the road. It will be observed that the cause of action herein arose prior to the adoption of section 1714¼ of the Civil Code.

For the foregoing reasons the judgment is reversed.

Cary, P. J., and Marks, J., concurred.