[Civ. No. 5668. Third Appellate District.—November 16, 1936.]

VIVIAN MASON, a Minor, etc., Respondent, v. CHARLES D. CRAWFORD, Appellant.

Griffin & Boone, Redman, Alexander & Bacon and Herbert Chamberlain for Appellant.

C. Ray Robinson and Wade H. Coffill for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the defendant from the order of the superior court granting the plaintiff a new trial. The cause of action arises out of a collision alleged to have been caused by double parking, near the intersection of Tenth and H Streets in the city of Modesto, county of Stanislaus.

The record shows that on or about March 1, 1935, at approximately 8 P. M., the defendant, accompanied by his wife, stopped an automobile on the roadward side of parked automobiles in the city of Modesto; that the plaintiff was riding as a guest in a car driven by one Gerald Mashek, following the car driven by the defendant. Upon the stopping of the car driven by the defendant, as just stated, the car driven by Mashek collided with the defendant's car, causing the plaintiff to be thrown through the windshield of the Mashek car in which she was riding as a guest.

On the part of the defendant it is claimed that his car had been stopped for a considerable length of time sufficient to permit the car driven by Mashek to turn to the left and pass without danger of collision. There is some testimony in the record to the effect that the car driven by the defendant stopped suddenly, and that the car driven by Mashek was thereby caused to collide with the car driven by the defendant.

The defendant's testimony is to the effect that he was driving along Tenth Street looking for a place to park his car, with the intent and purpose of thereafter entering Odd Fellows Hall; that not finding any place to park his car, he stopped for the purpose of permitting his wife to alight therefrom, and that it was his purpose to seek elsewhere an available place for the parking of his car; that a car preceding him had stopped for a like purpose. It is admitted in the testimony that the defendant's car was not stopped on account of interfering with any traffic, but for the purpose solely of allowing the defendant's wife to alight from his car.

We pass by the question of the assumed negligence of Mashek, as it is admitted that if he were negligent, his negligence is not imputed to the plaintiff in this action.

 Practically the sole question for us to consider is the effect and application to be given to section 138 of the California Vehicle Act (now section 586 of the Vehicle Code). Section 138, *supra*, reads as follows:

"It shall be unlawful for the driver of a vehicle to stop, stand or park such vehicle, whether attended or unattended, except when necessary to avoid conflicting with other traffic, or in compliance with the directions of a police officer or traffic control signal, in any of the following places: . . . on the roadway side of any vehicle stopped or parked at the edge or curb of a highway." Section 34 of Ordinance 345 (N. S.) of the City of Modesto, is substantially to the same effect, but as the general law controls, we need give no consideration to the local ordinance. As just stated, the defendant's automobile was stopped on the roadway side of parked cars, not for the purpose of avoiding conflict with the traffic, and not in compliance with the directions of any police officer or traffic control signal, but for the sole purpose of allowing his wife to alight therefrom.

Prior to the year 1931, the provision specifying that it was unlawful to stop on the roadway side of a parked car was no part of section 138, *supra*, but by an amendment of the legislature of that year the prohibition just stated was incorporated and became a part of the section.

Section 145½ of the California Vehicle Act provided further designation of stopping places for the alighting of passengers. The record in this case, however, is silent as to whether such markings had been made upon the curbing of any of the streets mentioned in this action for the purpose of allowing passengers to be discharged from automobiles.

In considering the interpretation to be given to the provision of the statute prohibiting the stopping on the roadway side of parked automobiles, the fact that the legislature saw fit to insert such a prohibition in section 138, *supra*, must be kept in mind, and we may reasonably conclude that the legislature had in view the liability of a collision occurring between the stopping car and a following car.

On the part of the respondent it is urged that the defendant was guilty of negligence as a matter of law. On the part of the appellant it is contended that the rule of reason must be followed, and that the defendant had a right to stop his car under the circumstances, for the purpose of permitting

his wife to alight therefrom, claiming also that the presence of parked cars created an emergency. We find no definition of emergency applicable to the circumstances here presented. An emergency includes an unforeseen, and ordinarily an unusual occurrence. Parked cars along the side of a street cannot be said to be either an unforeseen or unusual occurrence.

There is language in the case of *Collins* v. *Marsh,* 176 Cal. 639 [169 Pac. 389], where the opinion speaks of a buggy being so parked that the rear wheels were slightly more than two feet from the curbing, as being an emergency. The language in the opinion does not seem to us necessary to support the decision, and it may be also added that in the same opinion we find language to the effect that the defendant in that case had a right to stop anywhere that he so desired, or words to that effect. Since the date of that decision, however, section 138 of the California Vehicle Act has been amended so as to take away the alleged right of one to stop anywhere for the purpose of alighting from a vehicle. The question presented, while argued on the part of the appellant as one calling for the application of the rule of reason, really presents the question, Shall the rule of convenience be allowed to bend the plain words of the statute in order to permit the driver of an automobile to stop where he desires, irrespective of whether traffic on the highway or streets of a city is thereby interfered with, or the hazard either to person or property increased? In other words, the contention of the appellant may be said to be an argument in favor of the rule of evasion rather than the application of the rule of reason. Casualties running up into the hundreds of thousands and fatalities mounting to proportions rivaling World War conditions, lead to the conclusion that the legislature intended just what it said, that the safety of persons and property required obedience to rules and regulations intended to safeguard person and property, rather than to be set aside under any so-called rule of reason to suit the personal convenience of automobile drivers.

The appellant calls our attention to the case of *Fleming* v. *Flick,* 140 Cal. App. 14 [35 Pac. (2d) 210], in which this court did apply what may appropriately be called the rule of reason to the circumstances which are there presented, which are so readily distinguishable from the circumstances

we are considering here as to render the case of *Fleming* v. *Flick, supra,* wholly inapplicable. In that case the driver of a truck with a trailer was confronted with the breakdown of the trailer, and in attempting to remove the obstruction from the highway, the trailer did encroach upon one side of the highway, but left at least fifteen feet of the highway clear from passing vehicles. A tow-car was summoned, and the tow-car took a position which left at least fifteen feet clear for the passing of vehicles. Other vehicles had passed by. While the driver of the truck and trailer and the driver of the tow-car were at work in attempting to remove the obstruction from the highway, a car driven by the defendant Flick came up the opposite side of the hill and over the brow thereof, and started down the hill toward the truck and trailer, at a speed of between fifty and sixty miles per hour, the testimony also showing that the driver of the car, coming at that speed, was looking to one side and paid no attention to the obstruction in front of him. A collision occurred. An action for damages was brought by Fleming, who was injured in the collision, and this court sustained the judgment, awarding damages for the injuries there incurred. This statement shows just what we have said, the inapplicability of the case of *Fleming* v. *Flick, supra,* relied upon by the appellant.

The case of *Moss* v. *Stubbs,* 111 Cal. App. 359, [295 Pac. 572, 296 Pac. 86], cited only to the point that where there is no substantial conflict in the evidence as to any of the essential facts relating to the manner in which the accident happened, and that if such facts are not sufficient to support a verdict in favor of the plaintiff, an order granting the plaintiff a new trial will be reversed. We take no exception to the correctness of the rules of law there stated, but what we have said, and shall hereafter add, that case does not appear to us to be determinative of the issues here involved.

The facts presented in the case of *Mounts* v. *Tzugares,* 9 Cal. App. (2d) 327 [49 Pac. (2d) 883], may likewise be readily distinguished from the conditions we are considering. In that case a truck and trailer had stopped on one side of the highway, leaving ample room for the passage of vehicles. It appears that while a truck was passing the stopped truck and trailer, an automobile coming in the opposite direction

collided with the truck so attempting to pass the stopped truck. The driver of the automobile had a clear vision of over 240 feet. A collision occurred between the automobile and the passing truck. An attempt was made to hold the driver and owner of the truck that had stopped on the highway. The court held that the act of stopping the truck, by the driver thereof, was not the proximate cause of the collision between the passing truck and the automobile coming in the opposite direction, but was caused by the negligence of the automobile driver in not stopping after having a clear vision of the conditions for at least 240 feet.

In *McMillan* v. *Thompson*, 140 Cal. App. 437 [35 Pac. (2d) 419], the facts are so dissimilar from the case at bar as not to support the contentions of the appellant. The opinion sets forth that a loaded truck and trailer belonging to the defendant Zimmer, was proceeding south on the paved highway; that shortly after leaving a service station the engine began to sputter, but the driver thereof, pulling out the choke, the engine appeared to take on new life, but in a few seconds thereafter suddenly stopped and left the truck and trailer on the extreme right-hand side of the paved portion of the highway. The highway consisted of a concrete roadway 20 feet wide, with dirt shoulders on either side, which were from 7 to 10 feet wide, and the road was straight for a considerable distance. When the truck stopped, attention was given to the tail-lights, and it was shown that they were burning brightly and could be seen for at least 450 feet distant. At this instant a Ford truck driven by one McMillan, in which his brother John McMillan was a passenger, came along, driving to the south. The driver of this car observed the tail-light on the stalled truck when it was at least 450 feet away, and when about 150 feet away he could see the entire body of the truck. The left half of the highway was entirely clear, and no car was approaching from the south. The driver of the Ford car turned to the left and started to pass the stalled truck. As he reached a point about opposite the rear of the trailer, another car driven by defendant named Deaver, also proceeding south, crashed into the rear of the Ford truck, as a result of which the Ford truck crashed into the stalled trailer, causing injuries to John McMillan which resulted in his death. An attempt was made to hold, as well as other defendants, the

owner of the stalled truck. The court held the owner of the stalled truck free from liability. The foregoing recital of the facts of that case shows that appellant's contention, in this case can find no support therein. If the rule of reason applied in the case of *Fleming* v. *Flick, supra,* where an emergency arises such as the breaking down of an automobile and the stopping of a tow-car to remove the obstruction from the highway, or of the stopping of an ambulance to remove an injured person from the highway, applies also to prohibited stopping on a street or highway as a matter of pleasure or for mere convenience in discharging passengers, then the prohibitory provisions of section 138 of the California Vehicle Act (now sec. 586 of the Vehicle Code), are to all intents and purposes eliminated. Such reasoning seems to us illogical, and would lead to the conclusion that the act of the legislature, in amending section 138, *supra,* in 1931, by adding the several prohibitory regulations therein, was an idle gesture, and that the legislature did not have in mind the safeguarding of either person or property. We think the legislature had in view, in amending section 138, *supra,* the lessening of casualties that were increasing by reason of the rapid increase in the number of automobiles using city streets or public highways. The length of time which a stopped car remains in a prohibited area is only a matter of continuing liability, as the danger from such action starts with the stopping of the car, and ends with its continuing forward motion. The fact of illegal stopping does not depend upon the continuation of the liability.

That the stopping of a car in a prohibited area, followed by a rear-end collision, is a proximate cause of injury to a guest or third person, is supported by the following cases heretofore decided by this court:

In *Keiper* v. *Pacific Gas & Elec. Co.*, 36 Cal. App. 362 [172 Pac. 180], a car was left stopped negligently, and negligently left standing upon a street-car line. A collision followed, a third person was injured, and this court held the owner of the car liable. The questions here considered are very carefully set forth in the opinion written by Mr. Justice Hart in that case.

In *Flynn* v. *Bledsoe Co.*, 92 Cal. App. 145 [267 Pac. 887], where the violation of an ordinance in parking a car was under consideration, and a projecting sill on a delivery car

was allowed to reach out upon a highway by reason of imperfect parking, and a guest in a passing car was injured thereby, this court held the continuing negligence of the company was a proximate cause of the injury. This case likewise goes into the question very carefully.

In *Rauch* v. *Southern California Gas Co.*, 96 Cal. App. 250 [273 Pac. 1111], the question of proximate cause is again considered, and the principles enunciated in the Keiper case and in the Flynn case are approved. These cases support the contention of the respondent that the negligence of the defendant is a proximate cause of her injury.

And it therefore follows from what we have said that the order of the trial court granting the plaintiff a new trial should be, and the same is hereby affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1937. Langdon, J., voted for a hearing.