[L. A. No. 18969.   In Bank.   July 21, 1944.]

CULVER E. THOMSON, Respondent, v. JOHN R. BAYLESS et al., Appellants.

Reginald I. Bauder for Appellants.

Arthur C. Miller and Lee A. Solomon for Respondent.

GIBSON, C. J.—Plaintiff was injured when the automobile in which he was riding ran into a parked truck and trailer in charge of the defendant Bayless and owned by his employers, the defendants Johnson. Defendants appeal from a judgment upon a jury verdict in favor of plaintiff.

Bayless was proceeding from Los Angeles to Richmond, California, driving the truck and trailer. Before the accident he had made approximately 100 round trips over this route and was familiar with the road where the accident occurred. It was his custom on the trip north to stop for a nap beyond San Fernando. At about 10:00 p. m. on the night of the accident, he stopped the truck and trailer about five miles north of San Fernando and about 600 feet south of an intersection, parking on San Fernando Road within 12 inches of the curb in the right northbound lane. This is a four-lane highway, marked by white lines, with a double line in the center. The outside right lane is 14 feet eight inches wide; the inner lanes are ten feet four inches wide, and the outside left lane is 19 feet wide. There was a clearance of 16 or 17 feet between the truck and the center line. There is a curb on the right edge eight inches high, and adjacent thereto is a railroad right of way. On the left side of the highway there is a gravel shoulder ten feet wide and no curb. For several thousand feet south of the point of the accident the highway is straight. Bayless testified that after he parked the truck he checked the equipment and found that both the clearance lights and the tail lights were burning, and there is testimony that they were still burning after the accident.

The automobile in which plaintiff was riding as a guest was traveling north on San Fernando Road in the "extreme righthand lane" at a speed of about 35 miles an hour. Plaintiff testified that traffic on the highway was not heavy but that as the automobile approached the point of the accident another car with "unusually bright lights" passed, traveling in the opposite direction. After the car passed, plaintiff observed the parked truck about 40 feet ahead. At the same instant the automobile in which he was riding swerved to the left, but nevertheless the right side thereof hit the left rear portion of the parked truck and trailer. Prior to the accident, plaintiff did not observe any lights or reflectors on the truck and trailer, but after the accident he noticed clearance lights on the left side of the truck, but did not look to see if the tail lights were burning. He testified that the lights on the automobile were strong and should have disclosed an object as large as the truck at a distance of 200 feet.

Defendants contend that as a matter of law they were not guilty of negligence and that the negligence of the driver of the automobile was the sole proximate cause of the accident.

Accepting defendants' assertion that the parked truck and trailer were appropriately lighted, that they were parked within 18 inches of the curb on the right of the highway (Veh. Code, § 588), and that there was more than 20 feet of unobstructed paved highway to the left (Veh. Code, § 583), the question of defendants' negligence depends upon whether the evidence is sufficient to show that the truck and trailer were improperly parked in violation of section 582 of the Vehicle Code, which provides: "Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway." A violation of this section, designed to protect persons traveling on the highway, constitutes negligence by the operator of the vehicle. (See *Inai* v. *Ede*, 42 Cal.App. 2d 521, 523 [109 P.2d 400]; *Thompson* v. *Steveson*, 52 Cal.App. 2d 250, 253 [126 P.2d 127]; *cf. Fennessey* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 141 [124 P.2d 51].) The evidence shows that the truck and trailer were parked "outside of a business or residence district . . . upon the paved or improved or main traveled portion of the highway" within the meaning of section 582, and defendants do not dispute this fact. It follows, therefore, insofar as defendants' negligence is concerned, the only question to be determined is whether or not it was "practicable" for Bayless to park off the highway.

Although it may be inconsistent with general rules of statutory construction (see *Thompson* v. *San Francisco Gas etc. Co.*, 20 Cal.App. 142, 145 [128 P. 347]; 130 A.L.R. 440, 441, 475; *cf.* 23 Cal.Jur. 665-667; 21 Cal.Jur. 60), the courts in this state have uniformly held for the past 12 years that a prima facie case of negligence is established under section 582 by proof that the vehicle was left on the paved portion of the highway outside of a business or residential district and that the burden to show that it was not practicable to drive off the main traveled portion of the highway rests

upon the operator of such vehicle. (See *Callison* v. *Dondero,* 51 Cal.App. 2d 403, 408 [124 P.2d 852]; *Woods* v. *Walker,* 51 Cal.App.2d 307, 310 [124 P.2d 844]; *Hunton* v. *California Portland Cement Co.,* 50 Cal.App. 2d 684, 695-696 [123 P.2d 947]; *Scoville* v. *Keglor,* 27 Cal.App. 2d 17, 32-33 [80 P.2d 162]; *Breaux* v. *Soares,* 18 Cal.App. 2d 489, 493-494 [64 P.2d 146]; *Casey* v. *Gritsch,* 1 Cal.App. 2d 206, 211-212 [36 P.2d 696]; *Smarda* v. *Fruit Growers' Supply Co.,* 1 Cal.App. 2d 265, 272 [36 P.2d 701]; *Silvey* v. *Harm,* 120 Cal.App. 561, 576 [8 P.2d 570].) Defendants have conceded that the burden of proof with respect to this issue is upon them. They contend, however, that they have sustained this burden and that the evidence shows conclusively that it was not practicable to park off such portion of the highway. This contention is based entirely upon the presence of the eight-inch curb and the railroad to the right of the truck and trailer. It does not appear how far along the highway the curb extended. The evidence does show that there was an intersection about 600 feet north of the truck and trailer and that approximately 125 yards north of the scene of the accident, at or near the intersection, were a service station and restaurant. A gravel shoulder ten feet wide, with no intervening curb, was at the edge of the highway to the left of the truck. Testimony was offered by plaintiff concerning parking facilities at the service station and restaurant, but this was excluded upon defendants' objection.

The evidence, contrary to defendants' contention, does not show that it was impracticable to park off the highway. Rather, if anything, it tends to show that the truck could have been parked at some other point along the highway without crossing the curb. If a vehicle is not disabled, the question of whether or not it is "practicable" to park it off the main portion of the highway requires a consideration not only of the physical conditions immediately to the right but also of any other possible parking spaces to which the vehicle might reasonably be taken, no matter in what direction. As said in *Wilson* v. *Droege,* 110 Cal.App. 578, 586 [294 P. 726] (speaking of contributory negligence): "It appears from the evidence that at the place where [the driver] drove partially off of the highway it was impossible for her to get farther off of the highway, but it may have

been that· . . . it would have been possible for her to proceed in safety a short distance and come to a place where she could have driven her machine entirely off of the highway. *If such was the case the statute imposed upon her the duty of so doing. . . .*'' (Italics added.) (See, also, *Doane* v. *Smith,* 63 Cal.App.2d 691, 694 [147 P.2d 650], where the court relied in part upon the fact that "with slight additional effort the truck could have been taken to a nearby point where the solid shoulder was much wider.") In this case, other than showing the existence of a curb to the right of the truck, defendants made no attempt to prove any lack of suitable parking spaces within a reasonable distance. In fact, the only testimony relating to near-by parking facilities was excluded at defendants' own objection. Further, it is clear that the truck and trailer were not disabled and could have been moved to any such near-by parking space, because, as defendants state in their closing brief: "It is admitted that defendant driver in the case at bar stopped or parked for his personal convenience. Neither disability of his truck nor any other necessity compelled him to interrupt his journey." Under these circumstances, we cannot hold that as a matter of law defendants sustained their burden of showing it was impracticable to park the truck and trailer off the paved portion of the highway. The record supports the implied finding of the jury that defendant Bayless violated section 582 of the Vehicle Code, thus establishing defendants' negligence for the purposes of this action.

Defendants next contend that any negligence on their part was not the proximate cause of the accident but that the sole proximate cause was the negligence of the driver of the automobile in which plaintiff was riding. ▇ . The violation of a parking regulation may be the proximate cause of an accident where the unlawfully parked vehicle is struck by another vehicle. (*Doane* v. *Smith,* 63 Cal.App.2d 691 [147 P.2d 650] ; *Thompson* v. *Steveson,* 52 Cal.App. 2d 250 [126 P.2d 127] ; *Mason* v. *Crawford,* 17 Cal.App. 2d 529 [62 P.2d 420].) It is conceded that the driver's negligence, if any, may not be imputed to plaintiff. ▇ Accepting defendants' contention that the driver of the automobile in which plaintiff was riding was negligent, we nevertheless cannot on the record before us say, as a matter of law, that the negligence of defendants was not also a proximate cause of the accident. It has

recently been held that whether or not parking on the highway in violation of section 582 of the Vehicle Code constitutes a proximate cause of the accident where the driver of the car in motion might also have been negligent, is a question of fact for the jury if reasonable men can differ thereon. (*Inai* v. *Ede,* 59 Cal.App. 2d 549, 555 [139 P.2d 76] ; see, also, opinion on prior appeal, 42 Cal.App. 2d 521, 526-527 [109 P.2d 400] ; *cf. Fennessey* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 141 [124 P.2d 51] ; *Mason* v. *Crawford, supra.*) The evidence here is sufficient to support a finding that the violation of the statute was a proximate cause of the accident.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J. and Schauer, J., concurred.