[Civ. No. 10635.  Third Dist.  Dec. 6, 1963.]

HENRY J. WOLTERS, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION, CHARLES McGEE et al., Re-
spondents.

Hanna & Brophy and James V. Burchell for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Short & Short, Alan Short, Long & Levit, John B. Hook and Bert W. Levit for Respondents.

FRIEDMAN, J.—Petitioner Henry J. Wolters is a painting contractor. Two experienced painters employed by him, Charles McGee and Walter Van Heukelem, were injured by the collapse of a scaffold. The employees applied to the In-

dustrial Accident Commission for an augmented award of compensation, charging serious and wilful misconduct of their employer.[1] The commission granted the awards and Wolters seeks review in this proceeding.

The accident occurred while McGee and Van Heukelem were painting the side of a house. On the morning of the accident the two employees met Wolters and Elden Edens, his foreman, at the house to get the job started. The house was two stories high with a gable above the second story. McGee and Van Heukelem were to start by painting one side of the house, which was a gable end. That side of the house rose to a peak, which had a maximum height of 31 feet. A concrete driveway ran alongside. The employees were provided with two 20-foot extension ladders and a scaffold plank, which was 14 inches wide and 18 feet long. A triangular-shaped metal device, called a ladder jack, hooked to each ladder and supported the scaffold plank at each end. This kind of "ladder jack scaffolding" is extensively used in the painting trade. The ladders were placed against the house at an angle, their bases resting on the driveway approximately 6 feet out from the foundation of the house. Edens and Van Heukelem assembled the scaffolding. Edens hung on the jacks and jumped on the plank to make sure it was safe. McGee and Van Heukelem also tested the scaffold by jumping or hanging on it. Wolters and Edens then left, leaving McGee in charge.

McGee and Van Heukelem began painting the peak of the gable end. At that time, the commission found, the scaffold was at a height of 24 feet 2 inches. While the men were painting at that height one of the ladder jacks collapsed. One end of the scaffold plank dropped, and McGee and Van Heukelem fell to the concrete driveway, suffering injuries.

---

[1]Labor Code section 4553 provides: "The amount of compensation otherwise recoverable shall be increased one-half where the employee is injured by reason of the serious and willful misconduct of any of the following:

"(a) The employer, or his managing representative. (b) If the employer is a partnership, on the part of one of the partners or a managing representative or general superintendent thereof. (c) If the employer is a corporation, on the part of an executive, managing officer, or general superintendent thereof. But such increase of award shall in no event exceed seven thousand five hundred dollars ($7,500); together with costs and expenses incident to procurement of such award, not to exceed two hundred fifty dollars ($250)."

Precise cause of the collapse of the ladder jack was not established.

At the time of the accident Construction Safety Order No. 1654 of the Department of Industrial Relations prohibited use of ladder jack scaffolding at a height over 18 feet and required safety lines where the working platform was more than 10 feet from the ground.[2]

The commission found first, that the injury was proximately caused by Wolters' serious and wilful misconduct in knowingly placing his employees in a position of danger without taking precautions; and second, that the injury was also proximately caused by the serious and wilful misconduct of the employer in violating subdivision (a) of Safety Order No. 1654, which was known to Wolters and his managing representative, Edens, and which was violated by installing the platform on ladder jacks 24 feet, 2 inches, above the ground.[3] We consider first the issue of safety order violation.

---

[2]The safety order is codified in title 8, California Administrative Code, section 1654, which provides: "(a) Ladder-jack scaffolds shall not be used when the platform is over eighteen feet (18') above the ground. Not more than two (2) workmen shall be allowed on a scaffold of this type. The ladders shall be secured against displacement. (See Order 1675 (g) for suggested methods.) (b) The platform shall be at least fourteen inches (14") wide consisting of ladder staging, 'Structural Plank' or equivalent, free from damage that affects the strength. The ladders shall not be placed over sixteen feet (16') center to center, and where the platform consists of a single dressed two-inch by fourteen-inch (2"x14") plank, the spacing shall not be greater than twelve feet (12'). (c) Safety lines of at least five-eighths-inch (5/8") diameter manila or three-fourths-inch (3/4") diameter sisal rope shall hang from secure overhead anchorages where the working platform is ten (10) or more feet high. One such line shall be provided for each worker."

[3]The full text of these two findings is as follows: "2. This injury was proximately caused by the serious and wilful misconduct of the employer in that he knowingly placed the employee in a position of danger; namely, on a ladder jack scaffold with a platform located more than eighteen feet from the ground and failed to take precautions to protect him in that safety ropes were not provided, and in that said ladder jack scaffold was unsafe for use at heights greater than eighteen feet from the ground and in that other and more safe scaffolding could have been used in lieu thereof. 3. This injury was also proximately caused by the serious and wilful misconduct of the employer in that Construction Safety Order 1654(a), (Administrative Code, title 8, chapter 4), known to the employer, Henry Wolters, and his managing representative, Eldon Edens, requiring that ladder jacks may not be used at heights greater than eighteen feet from the ground, was violated by the employer, Henry Wolters, and by his managing representative, Eldon Edens, by installing the platform on the ladder jack scaffold at a

Petitioner assails the findings that Wolters and Edens were aware of the 18-foot height limitation in the safety order and that they violated it by installing the scaffold at a height of 24 feet. While a reading of the record discloses some conflict in the evidence, there is ample evidence to support these declarations of fact. Consequently we have no authority to disturb them.

Petitioner points out that there was no reckless and wilful violation of the safety order; rather, that reasonable safety precautions were taken by testing the security of the platform before the employees ventured out on it. Petitioner argues that such conduct is far above the level of serious and wilful misconduct as judicially defined in such cases as *Mercer-Fraser Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 102 [251 P.2d 955].

*Mercer-Fraser*, decided in 1953, is the leading case on serious and wilful misconduct in California workmen's compensation law. As subsequently described by the Supreme Court in *Keeley* v. *Industrial Acc. Com.*, 55 Cal.2d 261, 267 [10 Cal.Rptr. 636, 359 P.2d 34], its essential holding is: serious and wilful misconduct cannot be found from the existence of a danger which the employer should have known but did not; rather it requires a danger to which he has put his mind; an employer who intentionally places his employee in a position of known and obvious danger without taking any precautions for his safety may be guilty of serious and wilful misconduct.

Prior to the *Mercer-Fraser* decision, the role of safety statute and safety order violations in serious and wilful misconduct cases was delineated as follows: ''It is true that not every violation of a statute is serious and wilful misconduct. . . . The employer is charged with knowledge of the statute. . . . 'Where there is a deliberate breach of a law . . ., which is framed in the interests of the working man, it will be held that such a breach . . . amounts to serious misconduct.' '' (*Parkhurst* v. *Industrial Acc. Com.*, 20 Cal.2d 826, 830-831 [129 P.2d 113]; see also *Bethlehem Steel Co.* v. *Industrial Acc. Com.*, 23 Cal.2d 659, 662-663 [145 P.2d 583].) Neither *Mercer-Fraser* nor any of the decisions following it involved safety statutes or regulations. Hence impact of the *Mercer-*

---

distance of twenty-four feet two inches from the ground. This violation proximately caused the injury of the employee in that the distance from the ground contributed to the seriousness of the employee's injury.''

*Fraser* doctrine in safety order cases is open to some speculation. (See Comment, *Serious and Wilful Misconduct Under the California Workmen's Compensation Act*, 42 Cal.L.Rev. 852, 858-861.) As we noted in *Dowden* v. *Industrial Acc. Com.* (*ante*, at p. 135 [35 Cal.Rptr. 541], the *Mercer-Fraser* case expresses the idea that wilful misconduct requires intentional misconduct, possibly implying a need for actual rather than imputed knowledge of the safety regulation. There seems to be no reason, so far as the decisions are concerned, why the concept of serious and wilful misconduct in safety order cases should be any different from that in situations not involving safety orders.

A significant feature of the present case is the fact that the employer took some precautions. Although he is charged with disregard of a known safety regulation, the employer did take safety precautions by subjecting the ladder jacks and working platform to tests of strength and security before permitting use by his employees. In cases not involving safety order violations, reasonable precautions negative a finding of serious and wilful misconduct although, from the vantage of hindsight, the precautions turn out to be inadequate. (*Hawaiian Pineapple Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 656, 663-664 [255 P.2d 431].) Were it not for statutory intervention, the presence of these two paradoxical elements—violation of a known safety regulation plus the taking of safety precautions—would provoke some difficulty. In 1959, however, the Legislature adopted Labor Code section 4553.1, which sets forth specific legislative standards for serious and wilful misconduct stemming from safety order violations. We quote the statute below.[4]

[4]Labor Code section 4553.1 provides: "In order to support a holding of serious and wilful misconduct by an employer based upon violation of a safety order, the commission must specifically find: (1) That the safety order was established as having been known to a particular identified and named person or persons, either the employer or a representative of the employer designated by section 4553; (2) That the violation was established to have been committed by a particular identified and named person or persons, either the employer or a representative of the employer designated by section 4553; (3) That the condition making the safety order applicable at the time of the injury or death was established to have been known to a particular identified and named person or persons, either the employer or a representative of the employer designated by section 4553; (4) The specific manner in which the order was violated; and (5) That the violation of such safety order did proximately cause the injury or death, and the specific manner in which the violation constituted such proximate cause."

In *Dowden* v. *Industrial Acc. Com.*, filed this date (*ante*, at pp. 128-129 [35 Cal.Rptr. 541]), we held that section 4553.1 demands actual knowledge of the requirements of the safety order and prevents a holding of serious and wilful misconduct based upon imputed or constructive knowledge. No other reported cases have construed the statute. The evidence indicated that neither Wolters nor Edens knew of the safety rope requirement established by subdivision (c) of Safety Order No. 1654. Hence the commission did not premise its finding on that particular subdivision. As we have noted, however, the commission found that in fact Wolters and his managing representative, Edens, knew of the 18-foot height limitation expressed in subdivision (a).

 Counsel for the commission argue that section 4553.1 now prescribes the exclusive criteria for serious and wilful misconduct in cases involving safety order violations. The employer, however, contends that the evidence must additionally satisfy the *Mercer-Fraser* concept, by demonstrating reckless and wilful disregard of known danger, which is negated here by evidence of safety precautions.

We agree with the commission's view of the statute. Section 4553.1 lists five separate findings which the commission must specifically make. The list is plain, authoritative and inclusive. It does not culminate in an announcement that this is the complete enumeration, that there are no omissions, that additions at the hands of court or commission are impermissible. To demand such an announcement would be an unreasonable imposition on legislation. (See 2 Sutherland, Statutory Construction (3d ed.) § 4915, pp. 412-414.) The statute expresses a fully realized concept and gives every indication of a legislative purpose to occupy the entire field. The broth is complete without the addition of judicial ingredients. Once the commission makes the five specific statutory findings, no others are necessary.  Section 4553.1 imposes the penalty for serious and wilful misconduct on deliberate violations of safety order requirements regardless of the employer's belief that the conduct is safe; he may not excuse violation of a known safety order by substituting his own judgment of safety.  No finding of active and reckless disregard of known danger is necessary where the commission makes the findings enumerated in section 4553.1.

 Subdivision (5) of section 4553.1 requires a finding that violation of the safety order proximately caused the injury or death. The commission found: "This violation

proximately caused the injury of the employee in that the distance from the ground contributed to the seriousness of the employee's injury." Petitioner points out that the 24-foot height of the ladder jack had no apparent relation to its collapse; that the accident would have happened regardless of the excess height of the scaffold, hence that violation of the safety order was not its proximate cause.

The statute expressly relates proximate cause to the injury or death, that is, to the resultant harm rather than the accident or mishap. ▮ In the law of negligence proximate cause sometimes appears interchangeably and indiscriminately with such terms as "accident," "injury," "harm" or "detriment." (Civ. Code, § 3333; 2 Witkin, Summary of California Law, Torts, § 284, p. 1484; Rest., Torts, §§ 430-433.) It is said that negligence is not a proximate cause if the accident would have happened whether the defendant was negligent or not. (*Arthur* v. *Santa Monica Dairy Co.*, 183 Cal.App.2d 483, 487 [6 Cal.Rptr. 808].) Parity of reasoning, applied to the present facts, would exclude violation of the safety order (i.e., excess height) as a proximate cause of the present accident. On the other hand, a single harmful result may flow simultaneously from several causes, that is, the conduct of a single defendant may only have contributed to an indivisible injury. (See Prosser on Torts (2d ed.) pp. 228-229.) In the absence of just means for dividing the damages, a single defendant may be held liable for the entire injury even though his act only contributed to the result. (*Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409, 433-434 [218 P.2d 17].) ▮ Here the Legislature has distinctly fastened the penalty for serious and wilful misconduct on the employer if his conduct has proximately caused the employee's physical injury, even though it only contributed to it. The concept occurs elsewhere in California workmen's compensation law. (See Lab. Code, § 5500.5; *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79, 82-85 [172 P.2d 884].) ▮ The commission's finding is consistent with the statute. There is no contention that it lacks evidentiary support.

Next is the question whether the findings comply with section 4553.1. Notably the statute demands specific findings on five separate topics. ▮ Viewing the commission's decision (as quoted in footnote 3, *supra*) in relation to the five subdivisions of the statute, we find:

(1) The findings adequately show knowledge of the safety order on the part of two named persons, Wolters, the

employer, and Edens, his managing representative. Thus subdivision (1) of the statute is satisfied.

(2)  The findings sufficiently declare that the same identified persons committed the violation. Thus they comply with subdivision (2).

(3)  Subdivision (3) of the statute requires a finding which specifically declares knowledge of the condition making the safety order applicable. Here the "condition" is a platform height exceeding 18 feet. The commission's finding of safety order violation (that is, the second of the two paragraphs quoted in footnote 3, *supra*) fails to state that Wolters or Edens knew of the 24-foot height of the platform or even that they knew its height exceeded 18 feet. It permits the implication that the employer was aware of the safety order but unaware that he was violating it. Such a finding does not satisfy the statute. The preceding paragraph of the decision supplies the deficiency, however. Here the commission declares that the employer "knowingly placed the employee . . . on a ladder jack scaffold with a platform located more than eighteen feet from the ground. . . ." Thus the commission's findings, in composite, satisfy subdivision (3) of the statute.

(4)  The declaration that the platform was installed 24 feet 2 inches from the ground satisfies the requirement of subdivision (4) that "[t]he specific manner" of violation be declared.

(5)  That fifth subdivision of the statute, demanding not only a finding of proximate cause but also "the specific manner in which the violation constituted such proximate cause," is far from distinct. We are satisfied that the commission's findings sufficiently comply since, in addition to the declaration of proximate cause, they contain a specification describing how the violation (that is, excessive height) contributed to the injury.

We turn now to that phase of the award not predicated on safety order violation, as described in the first finding quoted in footnote 3, *supra*. Although this finding is not expressly predicated on Safety Order No. 1654, it rests upon the identical conduct forbidden by it—placing a ladder jack scaffolding higher than 18 feet and failing to provide safety ropes. The commission here finds the employer guilty of conduct violating a safety order but omits any mention of the order. Simply through silence, the commission fastens on the employer liability for safety order violation without refer-

ence to the order itself or to the requirements of Labor Code section 4553.1. If permitted, this procedure would impose liability in defiance of the specific demands of section 4553.1. This alternative ground of the award violates section 4553.1 and cannot be sustained.

We find no invalidity in the award for serious and wilful misconduct premised on violation of the safety order. Award affirmed.

Pierce, P. J., and Schottky, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 29, 1964. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.